IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC SHAWN CRAFTON, #219 278, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-465-MHT |
| | ) | [WO] |
| ALDOC, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

Pending before the court is Plaintiff's request for a preliminary injunction. Plaintiff complains he is suffering ongoing physical abuse from correctional officers which is being ignored by prison officials. He seeks to enjoin several correctional officers—which are identified in the request for preliminary injunctive relief—from being around him or, alternatively, requests he be transferred to another correctional facility until his complaint is resolved. Doc. 4 at 1–2.

As directed, counsel, on behalf of General Counsel for the Alabama Department of Corrections, has filed a response to Plaintiff's request for issuance of a preliminary injunction. Doc. 9-1. The response includes an affidavit from Monica McCoy, Warden II at the Easterling Correctional Facility. Warden McCoy is familiar with Plaintiff because she received inmate requests and other correspondence from him prior to his filing suit. In his initial requests, Warden McCoy states Plaintiff indicated that he wanted to be transferred to the Limestone Correctional Facility or expressed his desire for a job as a segregation runner. Plaintiff also asserted vague concerns he had about being returned to general population because of issues that followed him from another facility but failed to identify who he considered a threat. Warden McCoy states that

after Plaintiff's requests were denied he claimed he had been assaulted and threatened to take disruptive action such as throwing urine and feces at the food cart if his requests were denied. Doc. 9-1.

Despite the lack of specificity regarding his fear of being harmed, Warden McCoy forwarded Plaintiff's allegations to the Law Enforcement Services Division [LESD] for review and investigation. Warden McCoy indicates there is an ongoing investigation and review regarding a use of force allegation made by Plaintiff against one of the officers named in his request for preliminary injunctive relief. Warden McCoy maintains Plaintiff is presently assigned to the Restrictive Housing Unit [RHU] for investigative status, inability to adjust, and security issues where he is the single occupant of a two-person cell. This arrangement, Warden McCoy states, keeps Plaintiff secure from threats from general population inmates. Warden McCoy further states she has seen no evidence of Plaintiff being singled out for harm by correctional staff. Finally, as a result of the COVID-19 pandemic, Warden McCoy affirms the Alabama Department of Corrections has implemented a policy which severely restricts inmate movement between facilities. Docs. 9-1, 9-2.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites:  (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id*.; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998);  *Cate v. Oldham*, 707

F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotation marks omitted); *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (explaining a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (holding the grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' " *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *North eastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990).

### III. DISCUSSION

Review of Plaintiff's motion for injunctive relief reflects he has not made the demanding showing required for this extraordinary form of relief.[1] Regarding Plaintiff's request for

---

[1] As counsel on behalf of the Alabama Department of Corrections points out, Plaintiff has not named any individual defendants to this action. The complaint names as the sole defendant the Alabama Department of Corrections. While Plaintiff identifies several correctional officers as his alleged abusers in his request for preliminary injunctive relief, these individuals were not named as defendants to the complaint. Under Rule 65(d), Federal Rules of Civil Procedure, the court notes, however, that an injunction is binding upon

preliminary injunctive relief requesting the guards he accuses of abuse have no contact with him or that he be transferred from Easterling, while the court takes Plaintiff's threat of harm allegations seriously, it finds his assertions fail to show that a preliminary injunction is necessary to prevent irreparable harm. Upon review of Defendants' response to Plaintiff's request for preliminary injunctive relief, the court finds no indication to show Plaintiff is in imminent danger of being harmed at Easterling, and courts are generally hesitant to grant prisoner motions for injunctive relief which interfere with prison administrative decisions including inmate housing assignments or assignment of inmates to a specific facility. *See e.g., Freeman v. Fuller*, 623 F. Supp. 1224, 1227 (S.D. Fla. 1985) (finding that the placement of inmates inside a prison "is a matter peculiarly within the province of prison authorities' administrative duties" and that federal courts "accord great deference to administrative decisions rendered by prison authorities and will not interfere except in extreme cases"). The Supreme Court has warned that "in the absence of substantial evidence in the record" to indicate that the officials have exaggerated their response to [security or administrative considerations], courts should ordinarily defer to their expert judgment in such matters." *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979).

    At this juncture, the court finds no basis on which to override prison officials' judgment regarding Plaintiff's retention at Easterling in the RHU and their response to his allegations of harm. As explained, even if Plaintiff could establish the propriety of his request for preliminary injunctive relief, the request is devoid of any allegation he will suffer specific and irreparable harm if an injunction is not issued. Plaintiff's vague and generalized assertions of harm fail to establish a substantial threat that he will suffer irreparable injury absent issuance of a preliminary injunction. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989) ("The

---

the parties to the action, "the parties' officers, agents, servants, employees, and attorneys," and upon those persons "in active concert or participation with [them]."

preliminary injunction must be the only way of protecting the plaintiff from harm"). The third factor, balancing potential harm to the parties, weighs in favor of Defendant because the issuance of the requested injunction would adversely impact the ability of prison administrators and officials to manage effectively those inmates confined in their respective facilities. Finally, Plaintiff fails to show that the requested relief would not be adverse to the public interest. The administration of state correctional facilities is a matter of particular interest to the states, and federal courts do not sit to supervise their daily operations. *See Meachum v. Fano*, 427 U.S. 215, 228–29 (1976). Because it is not clear how judicial intervention under these circumstances is justified, issuing a preliminary injunction is not warranted.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction (Doc. 4) be DENIED; and

2. This case be referred to the undersigned for additional proceedings.

**On or before September 10, 2020**, Plaintiff may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 27th day of August 2020.

                                     /s/ Charles S. Coody
                                   CHARLES S. COODY
                                   UNITED STATES MAGISTRATE JUDGE