IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC SHAWN CRAFTON, #219 278, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-465-MHT-CSC |
| | ) | [WO] |
| LT. THOMPKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Eric Crafton filed this 42 U.S.C. § 1983 action on July 6, 2020. Defendants have since filed an answer, a written report, and supporting evidentiary materials denying Plaintiff's allegations. Doc. 31. On April 14, 2021, the Court instructed Plaintiff to file a response to Defendants' materials by May 5, 2021. Doc. 32. The Court cautioned Plaintiff that his failure to file a response would result in a recommendation this case be dismissed for failure to prosecute. *Id.* To date, Plaintiff has not filed a response to Defendants' materials or otherwise complied with the Court's April 14, 2021, Order.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d

1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to file a response in compliance with the Court's April 14, 2021, Order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

The parties may file any objections to the Recommendation **on or before July 23, 2021**.  Any objections filed by a party must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 9th day of July 2021.

                                      /s/ Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE